**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARD EVANS, | No.   17-35603 |
| Plaintiff-Appellant, | D.C. No. |
| v. | 1:15-cv-00499-EJL-REB |
| USF REDDAWAY, INC., an Oregon Corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted July 12, 2018**
Portland, Oregon

Before:  WARDLAW and OWENS, Circuit Judges, and LEFKOW,*** District Judge.

Edward Evans appeals following the district court's final order granting

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\***        The Honorable Joan Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

summary judgment to USF Reddaway, Inc. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Having filed a complaint alleging retaliation in violation of the "complaints clause" of the Surface Transportation Assistance Act ("STAA"), 49 U.S.C. § 31105(a)(1)(A), Evans was required to show that he engaged in a statutorily-protected activity. *Id.* § 42121(b)(2)(B)(i).[1] This portion of the STAA protects employees who have "filed a complaint or begun a proceeding related to a violation of a commercial motor vehicle safety or security regulation, standard or order." *Id.* § 31105(a)(1)(A)(i).

Evans argues that his complaints to the Occupational Safety and Health Administration and Reddaway management about poor conditions at two terminal lots on his trucking route were related to several Federal Motor Carrier Safety Regulations that govern the commercial trucking industry. Specifically, Evans points to regulations of driving in extreme weather and road conditions (49 C.F.R.

---

[1] Because the STAA was amended in 2007 to incorporate the burdens of proof in the whistleblower provision of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR-21"), we apply the AIR-21 burden-shifting framework. *See* 49 U.S.C. § 31105(b)(1) ("All complaints initiated under this section shall be governed by the legal burdens of proof set forth in section 42121(b)."); *cf. Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 996 (9th Cir. 2009) (applying AIR-21 burden-shifting framework to retaliation claim under the Sarbanes-Oxley Act).

§ 392.14), driving while the operator's alertness is impaired by "fatigue, illness, or another other cause" (49 C.F.R. § 392.3), and conducting mandatory vehicle safety inspections (49 C.F.R. §§ 392.7, 392.9).

Evans' complaints—dirt, dust, gravel, ruts, poor lighting, and lack of fencing/security at the two Reddaway terminals—relate to general workplace safety conditions at the lots, rather than commercial motor vehicle safety or security. Thus, his complaints are not reasonably related to a violation of a commercial motor vehicle safety regulation and are therefore not protected activity under the STAA.

**AFFIRMED.**